```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**LOUIS OSEI COTTON,**

                    **Petitioner,**

         v.                             **CASE NO. 05-3097-SAC**

**STATE OF KANSAS,**

                    **Respondent.**

### O R D E R

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. 2241, filed by a prisoner in the custody of the State of Kansas. By an order dated April 25, 2005, the court dismissed the petition without prejudice, noting petitioner's failure to either pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis.

Before the court is petitioner's motion for reconsideration (Doc. 6), which the court treats as a timely filed motion to alter and amend the judgment entered in this matter. *See* Fed.R.Civ.P. 59(e). Petitioner states he submitted the $5.00 district court filing fee in March 2005. The court has reviewed its records and finds it received petitioner's $5.00 payment on March 31, 2005, but credited it in error to a different case.[1] That error has now been corrected. According, the court sets

---

[1] The payment was inadvertently docketed in 05-3161-SAC.

aside the dismissal of this matter based upon petitioner's failure to satisfy the filing fee requirement.

Petitioner seeks relief under 28 U.S.C. 2241 for alleged constitutional error in his state court sentence, arguing his sentence is no longer valid under Bailey v. U.S., 516 U.S. 137 (1995). However, to challenge the validity of a state court conviction or sentence, a habeas petitioner must proceed under 28 U.S.C. 2254. See Preiser v. Rodriquez, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies). Section 2241 is not an alternative or available route for avoiding the restrictions imposed by the Antiterrorism and Effective Death Penalty Act on prisoners alleging constitutional error in their state convictions or in the validity of the state sentences imposed in those criminal proceedings.

In this case, petitioner clearly recognizes his habeas petition for relief under 28 U.S.C. 2254 is a second or successive petition,[2] and acknowledges a 2254 petition is now time

---

[2]The court considered and rejected petitioner's application for a writ of habeas corpus under 28 U.S.C. 2254. See Cotton v. State of Kansas, Case No. 92-3227-DES (petition dismissed, D.Kan. February 25, 1993), affirmed (10th Cir. October 1, 1993).

When petitioner filed Cotton v. State of Kansas, Case No. 01-3315-DES, the court transferred the action to the Tenth Circuit Court of Appeals. See 28 U.S.C. 2244(b)(3)(A)(circuit court authorization is required to file a second or successive 2254 petition in district court). The Circuit Court denied petitioner's motion for such authorization.

barred. *See* 28 U.S.C. 2244(d)(1)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment).

Accordingly, the court finds the instant petition filed under 28 U.S.C. 2241 should be dismissed because jurisdiction for petitioner's claims lies under 28 U.S.C. 2254.[3]

IT IS THEREFORE ORDERED that petitioner's motion to alter and amend judgment (Doc. 6) is granted.

IT IS FURTHER ORDERED that the order of dismissal entered by this court on April 25, 2005, is set aside, and that the petition for a writ of habeas corpus under 28 U.S.C. 2241 is dismissed for the reasons stated herein.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 2) is again denied as moot.

**IT IS SO ORDERED.**

DATED:  This 5th day of May 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[3] Under the circumstances, the court further finds it unnecessary to liberally construe the pro se petition as submitted under 28 U.S.C. 2254, which would require transfer of this matter to the Tenth Circuit Court of Appeals for that court's authorization under 28 U.S.C. 2244(b)(3)(A).